THOMAS J. COMERFORD *vs.* NEW YORK, NEW HAVEN, AND
HARTFORD RAILROAD COMPANY.

Norfolk.·  March 20, 1902. — May 23, 1902.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Negligence*, Contributory, On railroad.  *Practice, Civil,* Exception.  *Evidence.*

If a conductor starts a train while passengers are still alighting at a stàtion, and
then perceiving ιthe situation causes the train to be stopped suddenly, one
thrown from the steps of a car by the jar in stopping may be found to be in
the exercise of due care, and the railroad company may be found to be negli-
gent in suddenly stopping the train under such circumstances without any
warning.

Where a witness for the plaintiff in an action for personal injuries against a rail-
road company, has testified on cross-examination that he signed a certain state-
ment in writing concerning the accident shortly after the accident, and then
admits orally the entire contents of the·paper as read to him by the defendant's
counsel, the exclusion of the paper itself, offered to contradict the witness's
previous testimony, is no ground for exception, as the defendant is not harmed
by it.

In an action against a railroad company for negligence in stopping a train sud-
denly, after starting it without noticing that passengers were still alighting, the
number of persons·at work on the train properly may be considered by the jury
upon the question whether sufficient care was exercised to ascertain the con-
dition of things when the order to stop was given.

TORT by a passenger for injuries caused by the alleged negli-
gence of the defendant whereby the plaintiff was thrown from
the step of one of its cars.  Writ dated June 22, 1900.

At the trial in the Superior Court *Bell,* J. refused to rule, at
the request of the defendant, that on all the evidence the plain-
tiff was not entitled to recover.  This was the request mentioned
by the court as the first, the exceptions to the refusal to give
five others having been waived.  The statement in writing of
the witness Bryant described by the court was offered in evi-
dence for the purpose of contradicting his previous testimony.
Bryant was a witness for the plaintiff and the paper was offered
and excluded upon his cross-examination.

The jury returned a verdict for the plaintiff in the sum of
$4,000, of which the plaintiff on requirement of the judge after-
wards remitted $1,000.  The defendant alleged exceptions.

C. F. Choate, Jr., for the defendant.

J. A. Halloran, for the plaintiff.

HAMMOND, J.   Upon the evidence in this case, the jury would be warranted in finding that, while the train was stopping at a regular station for the discharge of passengers, some of them, seated in the only ordinary general passenger car of the train, desiring to alight, passed out upon the front platform of the car, and seeing that the right hand gate — which was the one leading to the station platform — was closed and that the left hand gate was open, proceeded to pass out by the latter and in that way alighted from the car; that, while this was going on and while the plaintiff and others who desired to alight were yet upon the platform and steps, the conductor of the train, seemingly unaware of this action on the part of the passengers and supposing that all who desired had left the train, caused it to be started; that immediately afterwards he saw that several had not left the train who apparently intended to do so, and caused the train to be stopped; and that (although upon this a finding the other way might reasonably have been expected) the plaintiff, being then upon the steps of the car, was thrown to the ground by the jar in stopping.   They further might properly have found that the conductor should have known what was going on, and that in consideration of the high degree of care required of common carriers towards their passengers, the sudden stopping of the car without any warning was under the circumstances a negligent act, and that it contributed to the injury.

It is true there is much to be said in support of the theory that the plaintiff was not thrown from the car at all, that he supposed the car was at a stop and hence voluntarily stepped from it, and this view of the evidence may seem to be the more reasonable, but we cannot say that the jury were bound to take that view of the occurrence.

Upon the question of due care of the plaintiff the case was properly left to the jury.   It follows that the first request was properly refused.   We understand that the exceptions to the refusal to give the other requests in the form presented are waived.

We do not see how the defendant was harmed by the exclu-

sion of the written statement made by the witness Bryant. The language in the statement which the defendant desired to have introduced to the jury was as follows: "The train had gone about two car lengths, and was going as fast as a man could run when Mr. Comerford attempted to get off. I would not want to swing off when the car was going as fast as it was when Mr. Comerford attempted to do so." After the witness had looked at the paper and said that the signature to it was his, and that the statement was made shortly after the accident, and was correct, he was further examined as to its contents as follows:

"*Q.* You said the train had gone about two car lengths, and was going as fast as a man could run, when Mr. Comerford attempted to get off, did n't you? *A.* Yes."

"*Q.* Did n't you then say, Mr. Bryant, this: 'I would not want to swing off when the car was going as fast as it was when Mr. Comerford attempted to do so'? *A.* I said so at that time, yes."

With the paper in his hands the counsel thus was allowed to show its precise language by the answer of the witness, and no one contended that the witness did not use the language in the paper. The jury had therefore the fact that the paper contained those statements made in writing by the witness, and they knew the exact language. The exclusion of the paper under these circumstances could work no injury.

As to the absence of brakemen, the jury were instructed that if the absence of the statutory number of brakemen "had nothing to do with the accident, that is all out of the case," but "if the lack of those brakemen in any way helped on this accident, then that is one of the things you may consider in determining whether this railroad was negligent in what took place there." The defendant contends that the effect of this was to give the jury the right to find for the plaintiff upon a new substantive ground of liability on the part of the defendant, namely, the non-observance of a statutory requirement. We do not so understand it. The jury were distinctly told that the plaintiff must prove his case as set out in his declaration, or in other words that he was thrown from the car by a negligent starting or negligent checking of the train. The number of persons at work on the train, whether brakemen or not, might properly be

considered by the jury upon the question whether proper care was exercised to ascertain the condition of things at the time the order to stop was given, and we do not see that the court went further than that.

*Exceptions overruled.*