# Richmond.

ROANOKE RAILWAY AND ELECTRIC COMPANY V. YOUNG.

November 19, 1908.

1. APPEAL AND ERROR—*Moot Questions.*—This court will not pass upon a pure moot question, but will wait until the question is presented in a form that renders its decision necessary to a proper disposition of the case.

2. APPEAL AND ERROR—*Weight Given to Verdicts in Appellate Court.*— This court will not set aside the verdict of a jury as contrary to evidence which has received the approval of the trial judge, unless it is without evidence to support it, or is plainly contrary to the weight of the evidence. If reasonable men might fairly differ as to the conclusions to be drawn from the evidence, the verdict will not be disturbed

3. STREET RAILWAYS — *Negligence — Contributory Negligence—Avoiding Effects—Case at Bar.*—Although the plaintiff may have been negligent in attempting to drive across an electric street railway in front of an approaching car yet, if, after the motorman saw or should have seen, his position of danger, he could, by the exercise of ordinary care on his part, have avoided injuring the plaintiff, but failed to do so, the street car company is liable for the resulting injury.

Error to a judgment of the Circuit Court of the city of Roanoke in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The stenographer's notes referred to in the opinion of the court, though at first excluded, were subsequently read to the jury, subject to exception as to their admissibility.

The following instructions were given for plaintiff over defendant's objection:

"(1) The court instructs the jury, that the defendant company has only the right to use the streets of Roanoke city in common with plaintiff and other citizens, and that it has not a superior right, each has an equal right, and that in the lawful use of the streets at a corner of Jefferson and Church he had the right to presume that the defendant would approach street crossings at populous sections with its cars under proper control and at a reasonable rate of speed to avoid collisions with ordinarily prudent travelers, and if you believe from the evidence that the plaintiff, exercising ordinary care, met with accident herein complained of, was the proximate result of said car running at an excessive rate of speed or not being under proper control, you must find for the plaintiff.

"(2) The court instructs the jury, that if the defendant company seeks to relieve itself of liability by reason of the plaintiff's having been guilty of contributory negligence, the burden of proving such contributory negligence rests upon the defendant, unless such contributory negligence is disclosed by the plaintiff's evidence, or can fairly be inferred from the circumstances.

"(3) The court instructs the jury, that reasonable rate of speed of street cars will differ at different places, and that which may be a reasonable rate of speed at one place may be excessive speed at another, that while a rate of speed in excess of the city ordinance is an excessive rate a lesser rate of speed, if inconsistent with the customary use of the street by the public with safety, is also excessive, and 'may be considered by you in determining the evidence.

"(4) The court instructs the jury, that a street car company owes the duty of foresight to persons and vehicles crossing its tracks in a city, and, if the failure to keep a proper lookout was the approximate cause of an injury inflicted upon a person crossing its tracks, the street car company is liable, notwithstanding the fact that the person injured was guilty of negligence in going upon the track.

"(5) The court further instructs the jury, that though the plaintiff may have been guilty of negligence, and although that negligence may in fact have contributed to the accident, yet if the defendant company could, by the exercise of ordinary care, have avoided the accident which happened, the plaintiff's negligence will not excuse the defendant company, and they must find for the plaintiff.

"(6) The court instructs the jury, that if they believe from the evidence that the motorman in charge of the defendant's car at the time of the accident failed to keep a vigilant lookout as he was approaching the point where the accident occurred, or failed to keep his car under proper control at such time and place as alleged in the declaration, and if the jury shall further believe from all the evidence that the injury to the plaintiff was caused by the default of the said motorman in the matter of keeping a vigilant lookout, or in failing to keep his car under proper control, then, in either event, the defendant company was guilty of negligence, and the jury must find for the plaintiff, and assess such damages, not exceeding $2,000, in his favor, as they believe he has sustained by reason of such negligence, and in estimating such damages they, the jury, should take into consideration the injuries he has sustained and the bodily and mental suffering caused by the injury, together with all such sums as he may have expended, if any, to be cured of his injury and sickness occasioned by such injury, and also such damages as will compensate him for the loss of time and earning capacity, so far as they, the jury, may believe from the evidence that his injury has caused him.

"(7) The court instructs the jury, that although you may believe from the evidence that the plaintiff was guilty of the want of ordinary care in going upon the tracks of said defendant company to cross same at the time he did, still if you believe from the evidence that the motorman could have avoided the accident by the use of ordinary care, after he saw, or by the use of ordinary care could have seen, that the plaintiff was on or very near

the track driving toward said track and in danger of being struck by the car, you must find for the plaintiff.

"(8) The court instructs the jury, that if they believe from the evidence that the plaintiff was placed in a dangerous position by the negligent approach of the car, and the plaintiff, being placed in a perilous position, attempted to cross the track instead of backing his horse, he cannot be held responsible for his mistake in attempting to cross the track."

*Affirmed.*

*Robertson, Hall, Woods & Jackson,* for the plaintiff in error.

*N. H. Hairston & Son* and *Hunt & Staples,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

This suit was instituted by T. G. Young, to recover damages from the Roanoke Railway and Electric Company for personal injuries, and resulted in a verdict and judgment in his favor which, upon exceptions taken at the trial, is now before us upon the petition of the railway company.

The first error assigned is that the court erred in overruling the defendant's motion to set aside the verdict as contrary to the law and the evidence; the second, that the court erred in giving instructions asked for by defendant in error; and, third, that the court erred in refusing to permit a witness, C. I. Hart, to read to the jury the stenographic notes of the testimony of A. C. Rucker at the former trial, it being shown that the said A. C. Rucker was dead.

We shall first dispose of the last assignment of error.

The petitioner sought to prove what A. C. Rucker, deceased, had testified to at a former trial by C. I. Hart, the stenographer who reported the case on that occasion. Hart produced his original notes of the testimony, which were taken down by him as the witness testified, and was asked if he knew, either from

having refreshed his recollection by going over the notes, or from his general usage and practice in taking down accurately the testimony of a witness as he testifies, that these notes were a correct momorandum of the testimony of Mr. Rucker, as he gave it on the stand.  This question was answered in the affirmative, and the witness was asked to read his notes to the jury, to which defendant in error objected, and the court sustained the objection; the court being of opinion that the witness could only use his notes for the purpose of refreshing his memory, and that he must then speak from a present recollection refreshed by the notes of the testimony.  It appears that the testimony was introduced in accordance with the ruling of the trial court, and that the petitioner was therefore not prejudiced by the ruling of the court, by his own admission, but merely desires now to have the opinion of this court as to the proper practice in such cases.

This court has uniformly declined to pass upon a moot question.  We think it safer to wait until the question is presented in a form that renders its decision necessary to a proper disposition of the case.

The facts disclosed by the evidence are as follows:  On the 5th of April, 1906, T. G. Young was injured in a collision with a car of the railway company at the corner of Jefferson street and Church avenue, in the city of Roanoke.  The collision occurred about seven o'clock in the morning, between a car running north on Jefferson street and a one-horse dray, or market wagon, driven by Young, going west on Church avenue.  At the point where the accident occurred, Jefferson street is forty feet wide from curb to curb, and Church avenue is thirty feet wide from curb to curb.  Jefferson street, at this point, slopes to the north at a grade of about one and one-half degrees.  The car was proceeding north down this grade, and had stopped to take on or let off passengers at the avenue immediately south of Church avenue.  Young was driving west along Church avenue in a trot, but before reaching the crossing he checked his

horse, looked up the street and saw the car coming. Thinking that he had time to cross the track safely in front of the car, Young urged his horse forward and attempted to cross. The motorman, seeing the driver .check his horse assumed that he would not attempt to cross .in front of the car, and made no attempt to stop or check its speed. Young testifies that when he urged his horse forward to cross the track, the car was something like seventy-five yards distant. The evidence tends to show that the car was moving at the rate of about twenty or twenty-five miles an hour, and defendant in error states in his evidence that he would have had plenty of time to cross if the car had been going at a proper rate of speed. The car seems to have struck the hind wheel of the wagon near the centre of hub of the wheel. That the car was moving at quite a rapid rate is further shown by the fact that after the collision the wagon was carried a distance of between forty and fifty feet, and the car moved nearly half a block with its brakes applied.

Without doubt, the driver of the wagon saw the car. It is equally certain that the motorman of the car saw or could have seen the driver. It may be conceded that the driver was guilty of negligence in taking the chance of being able to cross the street in front of a rapidly-approaching car; and the question upon which the decision of the case depends is, whether or not, after the motorman saw, or should have seen, the position of danger in which the defendant in error had voluntarily placed himself, he could, by the exercise of ordinary care on his part, have avoided. the injury.

We think there was evidence proving, or tending to prove, all the facts upon which the instructions given by the court were predicated, and are of opinion that those instructions correctly propounded the law. We have, then, only to determine whether the verdict is contrary to the evidence, and upon that issue we cannot say that the verdict of the jury is so plainly without evidence, or so contrary to the weight of the evidence, as to warrant us in disturbing a verdict which has received the sanction of the trial court.

The case is controlled, we think, by *Carrington* v. *Ficklin,* 32 Gratt. 670; *Kimball & Fink* v. *Friend's Admr.,* 95 Va. 125, 27 S. E. 901; and *Marshall* v. *Valley R. Co.,* 97 Va. 653, 34 S. E. 455; and cases of like character, in which this court has held, that "When the question arises upon a state of facts on which reasonable men may fairly arrive at different conclusions, the fact of negligence cannot be determined until one or the other of these conclusions has been drawn by the jury. The inference to be drawn from the evidence must be either certain and incontrovertible, or it cannot be decided by the court. Negligence cannot be conclusively established by a state of facts upon which fair-minded men will differ."

See also *Richmond Traction Co.* v. *Clarke,* 101 Va. 382, 43 S. E. 618, where the court said: "A plaintiff, even though a trespasser, may recover of a railway company for an injury inflicted upon him, notwithstanding his own negligence may have exposed him to the risk of injury, if the company, after it became aware of the plaintiff's danger, could, by the use of ordinary care, have avoided injuring him, and failed to do so."

We are of opinion that there is no error in the rulings complained of, and the judgment is affirmed.

*Affirmed.*