## ALPHONSE HAWLEY v. MINNEAPOLIS STREET RAIL-WAY COMPANY.[1]

### June 4, 1909.

### Nos. 16,127—(55).

**Charge to Jury.**

> An instruction that the jury was not bound by the allegations of the complaint as to the time when a certain accident occurred was, upon the record, correct.

**Evidence — Error without Prejudice.**

> When, after examining a written memorandum, a witness testifies as to the facts therein stated, so that the evidence is before the jury and included in the record, the exclusion of the memorandum when formally offered in evidence is, even if erroneous, not prejudicial to the rights of the party offering it.

Action in the district court for Hennepin county to recover $3,100 for personal injuries sustained while plaintiff was boarding defendant's street car. The case was tried before Frederick V. Brown, J., and a jury which rendered a verdict in favor of plaintiff for $1,200. From an order granting defendant's motion to set aside the verdict and for a new trial, unless plaintiff would consent to a reduction of the verdict to $1,100, it appealed. Affirmed.

*N. M. Thygeson, John F. Dahl* and *D. R. Frost,* for appellant.
*Hall & Kolliner,* for respondent.

[1]Reported in 121 N. W. 627.

ELLIOTT, J.

The plaintiff, claiming to have been injured while attempting to board one of the defendant's cars, brought an action for damages, and recovered a verdict for $1,200. The trial court reduced the verdict to $1,100, because it had erred in receiving evidence as to special damages, and such reduction was consented to by the plaintiff. From an order denying its motion for a new trial, the defendant appealed to this court. The assignments of error question the correctness of certain rulings and instructions given and refused by the court.

1. The plaintiff's testimony tended to show that on May 28, 1907, between 1 and 1:30 p. m., she attempted to board one of the defendant's cars at the intersection of Plymouth avenue and Sixth Street North, in the city of Minneapolis, Minnesota, and that after she had stepped upon the step of the car, and before she had time to get upon the platform, the gates were carelessly closed upon her in such a manner as to catch her foot and throw her forward upon the floor, thus injuring her foot and causing her to have a miscarriage. The accident was not reported by the conductor as required by the rules of the company, and the defense was that no such accident ever occurred. The plaintiff's evidence was sufficient to justify the jury in finding that the accident did occur as stated by the plaintiff and her witnesses. It was claimed that the conductor of the car carried the number 1,076, that the plaintiff talked with him at the time of the accident, and that he requested her not to report him, as it probably would result in his discharge. Conductor No. 1,076 was named Groff, and it was conceded that his car passed the place in question a few minutes after the time stated by the plaintiff. Groff denied positively that any such accident ever occurred on his car; but the question of credibility was for the jury.

After the jurors had retired, they returned into court, and one of the jurors said: Your Honor, the question has arisen: Is the complaint—whether we can find the time which we understand is named in the complaint, from 1 to 1:30, or if we believe the accident occurred five or ten minutes before, or five or ten minutes after?" The court replied: "You are not bound by the allegations of the complaint concerning the time when the accident happened. The important

thing is to find whether it did happen, and whether it was substantially as claimed by the plaintiff."

It is contended that this was error, because, as the evidence then stood, the exact time had become material. The statement of the court was correct, because it made no difference whether the accident occurred a few minutes before or after 1:30 p. m., if, in fact, it did occur on Groff's car. It is true that the plaintiff had fixed the time as not later than 1:30 p. m., and that Groff had testified that his car did not pass the place until 1:41 p. m.; but the jury may have concluded that the accident happened as the plaintiff claimed, and still believed that it did not happen until 1:41 p. m.

2. The appellant also assigns error on rulings which excluded certain papers known as trip sheets, made out by conductors Nos. 1,076, 1,070, 1,100, 1,166, 1,024, and 1,008. These sheets were offered in evidence to show the times when the various cars passed the place where the accident was claimed to have occurred. Clearly, all but 1,076 were properly excluded, as they had no relation to the car upon which the plaintiff claimed the accident happened. Conductor Groff's trip sheet—that is, No. 1,076—was the only one which was in any way material. Groff testified as a witness, and he was identified by the plaintiff's witnesses as the conductor of the car in question. With the trip sheet in question in his hand, he either read its contents into the record or testified positively as to the facts, after using the sheet for the purpose of refreshing his recollection. It is not entirely clear whether the witness testified as of his own recollection, after using the sheet as a memorandum. If he did, the sheet was not admissible in evidence. No effort was made to lay a foundation for its introduction upon any other theory than as a memorandum; and, as the record stands, the ruling of the court was without prejudice to the defendant. Every material fact which could have been shown by the trip sheet was testified to by the witness, and it is inconceivable that the mere reception of the paper in evidence in connection therewith would have had any effect upon the conclusion reached by the jury.

3. The appellant also claims that the court erred in refusing to give a requested instruction to the effect that no damages could be assessed because of the loss of the child, or because of any mental suffering

or feeling on account of such loss. No claim was made of any right to recover damages for the loss of the child, and the instructions actually given by the court, when read as a whole, clearly precluded any such right.

The record contains no prejudicial error, and the order of the trial court is therefore affirmed.