THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
WILLIAM LOCKMAN, PLAINTIFF IN ERROR.

Submitted December 7, 1911—Decided June 5, 1912.

1. A judge of election is a public officer under "An act, to regulate elections" (Revision of 1898, *Comp. Stat., p.* 2073), upon whom a duty is imposed, and the depositing by him of a ballot, in the ballot box, of a voter, who has been challenged, before the board had by a majority vote decided to receive such ballot, makes him guilty of a misdemeanor under section 197. *Comp. Stat., p.* 2137.

2. A judgment will not be reversed for alleged error in the address of counsel to the jury wherein he exceeds the limit of right and propriety, where there is not prompt objection thereto by interruption of counsel at the time the injurious comments are made.

3. Where evidence in a criminal case reviewed only under the one hundred and thirty-sixth section of the Criminal Procedure act, is stricken out without objection on the part of the defendant, a judgment against the defendant will not be reversed.

---

On error to Camden County Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and VOORHEES.

For the plaintiff in error, *Harry C. Kramer, Albert S. Woodruff, Floyd II. Bradley* and *Robert II. McCarter.*

For the defendant in error, *Henry S. Scovel,* prosecutor of the pleas, and *Charles A. Wolverton,* assistant prosecutor.

The opinion of the court was delivered by

·VOORHEES, J. The indictment under which the defendant was convicted in this case contains nine counts. The first four charge that the defendant, a judge of the board of registry and election of the first election district of the fifth ward of Camden, at the general election in November, 1910, knowing that a person was not qualified to vote, unlawfully and knowingly received and deposited his ballot in the ballot box as such judge, knowing that the election board had not decided to receive the ballot. These first four counts differ merely in particularizing the disqualifying facts.

The fifth, sixth, seventh, eighth and ninth counts all charge the defendant with unlawfully and knowingly aiding, counseling and assisting Louis Baker unlawfully and fraudulently to vote.

In each of the counts, the charge is that a certain person alleging himself to be one Louis Baker, presented himself to vote. The judge charged:

"GENTLEMEN—There are really two charges in this case for you to try. The first is practically that this defendant received a vote of a man named Lewis Baker or Lewis Baker, Jr., being an illegal voter in the precinct and ward in which he was judge of election. The other charge is that he put a vote in the box, in the ballot box, when the board stood two to two. You should keep those two charges distinct in your minds, and you can convict on both or acquit on both, or convict on one and acquit on the other."

On the first charge, the defendant was found "not guilty" by the jury, and on the second charge, he was found "guilty." Under instructions of the court this verdict was reframed, as follows: "Not guilty as to first charge—Lewis Baker, Jr., being an illegal voter. Guilty as to second charge of receiving vote of Lewis Baker, Jr., when the vote of the board stood two to two." No objection has been made to the

moulding of the verdict, or to the form into which it has been. recast.

We, therefore, concern ourselves entirely with the charge: upon which the defendant was convicted. The point first argued is that it was error to permit the state to inquire into the acts of the person who called himself Lewis Baker, Jr., because the indictment charged that the alleged illegal voter presented himself to vote on the name of Lewis Baker, without the addition of the suffix "Sr." or "Jr." This subject has been treated in *State* v. *Lewis, ante p.* 161. and is governed thereby. The objection must, therefore, be overruled..

The principal point made by the plaintiff in error may be thus epitomized. The indictment charges that the defendant "did unlawfully, willfully, fraudulently and knowingly receive and deposit in the ballot box * * * the ballot then and there offered to him * * * as judge * * * well knowing that the board of registry * * * had not decided to receive said ballot," &c.; that such acts are not specifically by statute declared to be a crime; that it is only by reference to sections 68 (*Comp. Stat., p.* 2099), 75 (*Comp.. Stat., p.* 2101) and 80 (*Comp. Stat., p.* 2104) of the Election law in connection with the one hundred and ninety-seventh section (*Comp. Stat., p.* 2137), reading as follows: "Every public officer upon whom any duty is imposed by this act who willfully or negligently violates his said duty or who neglects or willfully omits to perform the same, shall be deemed guilty of a misdemeanor," that a crime can be pieced out.

The charge is the unlawful depositing of the ballot, knowing that the board had not decided to receive it. Section 80 (*Comp. Stat., p.* 2104) provides, "that in no case shall the ballot be deposited by such judge until the board of election shall have decided to receive the same." A violation of this section is an offence. A custom of violating the statute will not excuse. Section 76 (*Comp. Stat., p.* 2101) prescribes the form of question to be put to the board as to the admission of the ballot. It is: "Shall this voter's ballot be received by this board?" It is so clear that no misunderstanding

can arise. It is obvious that a tie vote is not a decision of the board to receive the ballot. The defendant, whose duty it was as judge to put the question, cannot plead ignorance of the facts or of the law.

A judge of election is a public officer under "An act to regulate elections" (Revision of 1898, *Comp. Stat., p.* 2073), upon whom a duty is imposed, and the depositing by him of a ballot, in the ballot box, of a voter who has been challenged, before the board had by a majority vote decided to receive such ballot, makes him guilty of a misdemeanor under section 197. *Comp. Stat., p.* 2137.

The prosecutor's address to the jury is said to have exceeded the limit of fair comment and argument upon the evidence. This is probably so, especially in its animadversions upon the failure of the defendant to produce Lewis Baker as a witness, there being nothing to show that he could have been produced by the defendant, or could not have been produced by the state. But not the slightest objection appears to have been offered to the summing up while it was in progress. It was not until after the court had charged the jury, and they had retired to consider the case, that objection was made to it. The practice has been to interrupt counsel when he exceeds the limit of right and propriety in his address, so that any improper impression then created may be eliminated and counsel may be prevented in continuing to transgress.

Such was the method pursued in *Hall* v. *United States,* 150 *U. S.* 76. See also *State* v. *Parker, post p.* 172. The judgment should not be reversed for this cause.

Annie Baker, the step-mother of Lewis Baker, was sworn on behalf of the state, and was asked to describe him, which she did. She further stated that Baker was not, to her knowledge, in Camden, on election day.

Upon cross-examination she was asked the question, "You do not live with your husband, do you?" and answered "No, sir." After that the prosecutor stated that the question was **unfair and not cross-examination**; that there had been no

cross-examination as to Lewis Baker, Sr., whose wife the witness was, and moved to strike it out, which was done.

The striking out of this evidence is assigned as cause for reversal. She had been called to testify about her step-son, not about her husband. Inasmuch as both the Bakers registered from the same place, it may have been relevant to show that the witness, not living with her husband at the same place where her step-son resided, had not opportunity to observe the whereabouts of the latter on election day.

The question is, Did the striking out of the testimony result in manifest wrong and injury to the defendant? It was eliminated because it was an insult to the witness. No intimation was made by the defendant that it should remain for the reasons above suggested, or for any other reason, and no objection or opposition to the action of the court, in striking it out, was interposed. We think, in view of what occurred at the trial, the defendant has not suffered wrong or injury.

The judgment will be affirmed, but being in form objectionable, for the reasons set forth by Mr. Justice Swayze, in *State* v. *Carrigan*, 53 *Vroom* 225, the record will be remitted to the Court of Quarter Sessions to the end that a proper sentence may be imposed by that court upon the defendant.