PALMER FRUIT COMPANY v. GEORGE C. PALMER AND ANOTHER.[1]

January 2, 1925.

No. 24,219.

**Admission of certificates in evidence not reviewable on appeal.**

Findings justified by the evidence. Error cannot be assigned with respect to the admission of evidence where no objection was taken to its admission.

After the former appeal the case was settled and judgment was entered in favor of plaintiff for $612.49. From that judgment, defendant George C. Palmer, Inc. appealed. Affirmed.

*L. W. Crawhall,* for appellant.

*Henderson, Wunderlich, Branderbury & Stiles,* for respondent.

PER CURIAM.

An action to recover $500 paid in advance on the price of 5 carloads of potatoes. When the goods were tendered they were refused by plaintiff, the purchaser, for alleged defect of quality, his contention being that they were not up to grade in several particulars, among others that they were packed in old instead of new sacks. The decision below was for plaintiff, and the case having been dismissed as to George C. Palmer, individually, defendant George C. Palmer, Inc., appeals from the judgment. A former appeal was from the order denying its motion for a new trial. 158 Minn. 531, 197 N. W. 283. For lack of a settled case there was an affirmance. We pass the point now advanced, that there is nothing now open to review and consider the case on its merits.

There is no occasion for going into either the facts or the law of the case. The evidence of deficient quality and a failure to come up to the contract grade justifies the findings for plaintiff. The certificates of inspection by a representative of the department of agriculture, when first offered in evidence, were objected to and the objection sustained. Later on, there was what amounted to a renewed offer, somewhat informal, and this time the certificates were received. There was no objection and no exception was reserved to the ruling admitting the documents in evidence. Therefore, the record does not permit the predication of error upon their admission.

The contention that appellant's offer, made after plaintiff's rejection of the goods, to "regrade" them, amounted to a tender of performance

[1]Reported in 201 N. W. 537.

of the contract within the time limit, is without merit. If in fact the regrading could have been accomplished within the time remaining for performance, and we will assume that it could have been, the quantity tendered would have been very substantially less than that required by the contract. The elimination of blemished and decayed potatoes would have gone far beyond the extent permitted by the recognized "tolerance."

Order affirmed.