## BERTHA BOKELMANN v. HENRY BOKELMANN.[1]

April 11, 1930.

No. 27,733.

*Gaarenstroom & Erickson* and *Frundt & Morse,* for appellant.
*Putnam & Carlson,* for respondent.

HILTON, J.

Defendant appeals from an order denying his alternative motion for judgment notwithstanding the verdict or for a new trial.

Plaintiff, the daughter of defendant, sued him on five causes of action, each being for services rendered as housekeeper and nurse in taking care of his invalid wife, the mother of plaintiff. One theory upon which plaintiff sought to recover was that she furnished necessaries to the mother and that defendant was liable therefor

[1]Reported in 230 N. W. 478.

under G. S. 1923 (2 Mason, 1927) § 8620. The services covered a period of 33 months, not continuous, and the amount claimed was $3,300 and certain items of interest. A general denial was interposed as to each cause of action. The jury rendered a verdict in plaintiff's favor for $3,000.

The main ground of defense during the trial was that the services rendered by plaintiff, an immediate member of defendant's family, were gratuitous and that there was no understanding that plaintiff was to be paid therefor. At the close of plaintiff's case defendant moved for a dismissal of the action, and at the close of all the evidence moved for a directed verdict on the ground above stated, both motions being denied.

The ultimate questions of fact for the determination of the jury under the instructions of the court were: (1) Were the services rendered by plaintiff necessaries; (2) were the services rendered by plaintiff under the expectation and agreement that she would be compensated therefor by defendant; (3) what was the reasonable value of such services. Defendant now frankly and properly concedes that under the rule in Bergh v. Warner, 47 Minn. 250, 50 N. W. 77, 28 A. S. R. 362, the first two questions were for the jury's determination under proper instructions and that the evidence was sufficient to support the verdict in some amount.

The assignments of error in addition to the one that the verdict was not justified by the evidence and was contrary to law are: (a) The overruling of an objection to a question asked; and (b) a claim that the verdict was excessive and given under the influence of passion and prejudice.

Plaintiff had been for many years a professional nurse; at the time of the trial she was 35 years of age, her father 78 and her mother a few years younger than the father. Plaintiff was away from home practicing her profession on five different occasions during the six years preceding the bringing of the action. At five different times, at the request of her mother and with the consent of defendant, she returned home for various periods of time (ranging from four months to a year each) at which time she performed

the services alleged in the complaint. When her mother would sufficiently recover on each occasion plaintiff resumed her professional work elsewhere.

■ When the main defense in the case was being considered, that is, the question as to whether the services were necessary and were being rendered gratuitously or with the intention of receiving compensation therefor, plaintiff, after testifying as to her work in 1921-1922 in New York as a trained nurse in a hospital and her leaving there to come home, was asked: "And about what was the salary you were receiving?" An objection was interposed upon the ground that it was incompetent, irrelevant and immaterial (it was not indicated that the ground of the objection was as to an improper measure of damages). The following colloquy appears in the record:

The Court: "I think that is material. She left that, as I understand, from the opening statement.

Counsel for defendant: "Wouldn't it be necessary to prove all these statements?

The Court: "What statements do you refer to?

Counsel: "Prove the fact that she had left the position to come home.

The Court: "I take it that will come later. If not, you could move to strike it out. You may answer."

In answer to the question the witness said "One hundred [dollars a month] or a little better." Questions as to what she was receiving at other places than New York, which she had also left to come home at her mother's request, were not objected to and her answers were the same amount. There was no motion made to strike out the first answer and no exception taken to the charge of the court which referred to such testimony. Under the circumstances the court committed no error in overruling the first and only objection made. 6 Dunnell, Minn. Dig. (2 ed.) § 9739, and cases cited.

The matter then being considered was primarily as to whether the services had been rendered gratuitously or otherwise. The fact

that she gave up a good paying professional position to come home and nurse her mother and do the other work was material and had a very important bearing on that question. Defendant admitted on the stand that he did not expect her to do the work for nothing. Larson v. Larson, 161 Minn. 289, 201 N. W. 420; In re Estate of Havenmaier, 163 Minn. 218, 203 N. W. 958; Nickerson v. Spindell, 164 Mass. 25, 41 N. E. 105.

The mother during all the times plaintiff was at home was in a serious physical condition. She was crippled and was unable to perform many of the ordinary household duties. During considerable of the time the mother required careful and almost constant attention, not being at times able to get around the house without help. She had a sore (varicose ulcer) on her ankle that required daily dressing for periods of time; she had a weak heart and was afflicted with inflammatory rheumatism. For three weeks she was confined to her bed with pneumonia. The physician then attending her stated that plaintiff's services as a professional nurse at that time were worth $35 a week. Plaintiff in addition to personal services rendered her mother took care of the cows and chickens, did the housework, cooked the meals, did the sewing, mowed the lawn, and did some painting and varnishing.

Plaintiff testified several times without objection that her services were worth $100 per month while she was working at home. Defendant concedes that she is entitled to recover some amount. No evidence was introduced by defendant disputing that given on plaintiff's behalf as to what her services were worth. The verdict of the jury had the approval of the trial court; it was not excessive or given under the influence of passion and prejudice.

Affirmed.