PAULINE FENSKE v. F. J. UNTERMAN.
LIZZIE KRUEGER v. F. J. UNTERMAN.[1]

September 26, 1930.

Nos. 28,078, 28,079.

George T. Simpson, for appellants.
Cobb, Hoke, Benson, Krause & Faegre and Paul J. McGough, for respondent.

PER CURIAM.

These actions for damages on account of injuries received when riding as guests of defendant in an automobile owned and driven by him were tried together resulting in verdicts for defendant. Plaintiffs appeal from the orders denying their motions for a new trial.

One St. Sauver was also a defendant in the actions. The evidence disclosed that respondent Unterman was driving north on Earl street in the city of St. Paul, after dusk on a July evening, and as he was making a left turn into Case street St. Sauver struck the left rear corner of respondent's car with such force that the plaintiffs, in the rear seat, received fractured bones. Respondent testified that his lights were lit and that he held out his left arm horizontally for more than the required distance before making the turn. There was no evidence contradicting him except that of St. Sauver, who testified merely that he did not see it. As respondent approached Case street he drove close to the center line of Earl street. Others testified that two cars were driven abreast a short distance behind

[1]Reported in 232 N. W. 326.

respondent when St. Sauver drove past them and attempted to pass defendant at 40 miles an hour and to the left of the center of Earl street, when he struck respondent's car as stated. The testimony is really undisputed that St. Sauver was drunk. He was arrested then and there and pleaded guilty to driving while under the influence of intoxicants. Plaintiffs' then lawyer, a person of good standing and professional ability, recognizing that the jury might readily find that the sole cause of the collision was the negligence of St. Sauver, moved the court for leave to dismiss as to him. The court granted the motion over respondent's protest. After the completion of the charge respondent's attorneys took some exceptions thereto, and plaintiffs' then attorney volunteered this: "I have no exceptions. The charge is entirely satisfactory."

Plaintiffs' present attorney attempts to challenge the verdict as not supported. Upon this record we are of the opinion that verdicts for plaintiffs could not stand. However the chief attack is upon the charge.

Where a competent attorney, who had tried his client's case, at the close of the charge expresses such satisfaction therewith as was here expressed, no new trial should be granted on account of any technical defect therein, unless it could be said that justice has entirely miscarried because of the defect and some reasonable excuse can be offered for not calling attention to the defect before the jury retired. Here there was neither. We think no other verdicts could have been rendered than those returned, and moreover the charge as given was, under the evidence, not prejudicial to plaintiffs. The statute applicable to respondent's alleged negligence was read. 1 Mason, 1927, § 2720-17. It was not necessary to call attention to particular parts thereof which did not touch the circumstances involved in the accident. Respondent extended his "arm horizontally from and beyond the left side of the vehicle." His car does not appear to have been equipped with any visible mechanical device for giving a turn signal, and the statute does not require one where the arm signal is used.

The orders are affirmed.