JOHN EILOLA v. OLIVER IRON MINING COMPANY AND ANOTHER.
WILLIAM FREDERICKSON, APPELLANT.[1]

October 22, 1937.

No. 31,129.

[1] Reported in 275 N. W. 408.

78

*McMahon & McMahon,* for appellant.
*George H. Lommen,* for respondent.

PETERSON, JUSTICE.

Action to recover damages for an assault in which plaintiff had a verdict for $900. The assault was without justification, and recovery of compensatory and punitive damages was sought.

The action originally was against defendant Frederickson and the Oliver Iron Mining Company, it being claimed by plaintiff that Frederickson in committing the assault acted within the scope and course of his employment by the Oliver company. Defendants interposed separate answers denying liability and appeared at the trial by separate counsel. There were no cross issues between the defendants. Each defendant claimed the right to three peremptory challenges in impaneling the jury. The court allowed three, peremptory challenges to defendants in which they were required to join. The ruling of the court was in accordance with 2 Mason Minn. St. 1927, § 9294, which provides that "if there be more than one party on a side, they shall join in any challenge made; except where the interest of two or more defendants are adverse, * * * each such defendant and party shall retain the right to three peremptory challenges." In this case it affirmatively appears that the interests

of defendants are not adverse to each other. Each defendant was not entitled to three peremptory challenges. Defendants were entitled to only three challenges as a side. Carr v. Davis, 159 Minn. 485, 199 N. W. 237.

■ Plaintiff's counsel is charged with misconduct in introducing improper and prejudicial matters in the evidence. These matters consist of reference in questions put to witnesses by counsel, to defendant Frederickson as a "policeman," as being a member of the "police force" of the Oliver Iron Mining Company, his duties as such policeman, to police badges, stars, gun, equipment, and similar matters relating to defendant Frederickson as a special policeman, and that he was a deputy sheriff with power of arrest who violated his oath in making the assault and that he was convicted of the assault. Much of the evidence was offered in an attempt to establish a case against the Oliver Iron Mining Company. Testimony relating to all these matters was received during most of the trial without any objection from either of the defendants. During the last part of the trial the defendant Oliver Iron Mining Company objected to any reference in the testimony to the defendant Frederickson as a "policeman." All of the evidence was received without any objection by defendant Frederickson. Objection to the admission of evidence must be taken at the time the evidence is offered. An objection to the admissibility of evidence cannot be raised for the first time on motion for new trial or appeal. 6 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 9728; Palmer Fruit Co. v. Palmer, 161 Minn. 526, 201 N. W. 537; Bokelmann v. Bokelmann, 180 Minn. 100, 230 N. W. 478; State v. Padares, 187 Minn. 622, 246 N. W. 369.

■ It is claimed that plaintiff's counsel was guilty of misconduct in his closing argument to the jury. His remarks were in. reference to the matters alluded to in the preceding section. Some of the comments were severe and scathing denunciation of defendant Frederickson. No objection was taken to the remarks during the argument. The argument was taken down by the reporter. The court then instructed the jury. Thereupon the case was submitted, and the jury retired. After the jury had retired, counsel for de-

fendant Frederickson took numerous exceptions to the closing argument of plaintiff's counsel but did not request the court to give any instructions to the jury or to make any ruling with respect thereto. Ordinarily, in order to obtain a review of misconduct of counsel in argument, there must be an objection at the time of the alleged misconduct, a request by the party claiming to be prejudiced for appropriate corrective action, and a failure of the trial court to rule or act. Powell v. Standard Oil Co. 168 Minn. 248, 210 N. W. 55; 6 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 9800. An objection is too late if made for the first time after the jury has retired. 3 Am. Jur. pp. 106-108, §§ 374-377; Long v. State, 2 Ala. App. 96, 57 So. 62; Donahoo & Matthews v. Tarrant, 1 Ala. App. 446, 55 So. 270; May v. Commonwealth, 153 Ky. 141, 154 S. W. 1074; State v. Lockman, 83 N. J. L. 168, 83 A. 689; Behseleck v. Andrus, 60 S. D. 204, 244 N. W. 268, 88 A. L. R. 596; Norris v. State, 32 Tex. Cr. 172, 22 S. W. 592; notes, Ann. Cas. 1916A, 555-557; 46 L. R. A. 641; L. R. A. 1918D, 41; 78 A. L. R. 1527. But it is contended that the exceptions are timely under district court rule 27(f), which provides:

"Exceptions to remarks by counsel * * * in the closing argument shall be taken while such * * * argument is in progress unless the same is being taken down in full by the court reporter, in which case exceptions taken at the close of the statement or argument shall be deemed seasonable." 186 Minn. xxxiii.

This rule, suggested in the concurring opinion of Mr. Justice Loring in Olson v. Purity Baking Co. 185 Minn. 571, 242 N. W. 283, relieves counsel of the necessity of interrupting counsel during argument and making objections in cases in which the argument is taken down. Jovaag v. O'Donnell, 189 Minn. 315, 249 N. W. 676. The rule reaffirms the established practice and modifies it only to the extent of permitting a party to take exceptions to the argument of counsel when taken down by the reporter "at the close" thereof. Otherwise the practice is unchanged and unmodified. It is entirely optional with parties to use the old practice or that permitted by the rule. Jovaag v. O'Donnell, *supra*. Defendant Frederickson

failed to bring himself within the rule because he did not take exceptions at the close of the argument. He permitted the court to give its instructions and the jury to retire before he took his exceptions. Exceptions so taken are too late and will not be reviewed on appeal. At the close of his charge the court below invited suggestions from counsel, and they indicated that they had none. Ordinarily, expression of satisfaction with the charge by counsel and failure to call the court's attention to errors before the jury retires would suggest that errors complained of were not deemed to be prejudicial by counsel at the time. Powell v. Standard Oil Co. 168 Minn. 248, 258, 210 N. W. 55; Fenske v. Unterman, 181 Minn. 275, 276, 232 N. W. 326.

Counsel relies upon Ferraro v. Taylor, 197 Minn. 5, 265 N. W. 829, and Prescott v. Swanson, 197 Minn. 325, 267 N. W. 251. The cited cases are distinguishable because in those cases counsel went outside the record, and the language used was not justified by any facts in the case. Some of the remarks had no place in a court of justice and were a reproach to the court itself. This is not such a case.

■ A Dr. Malmstrom, who testified for plaintiff, was called also by defendants. In 1929 he had examined plaintiff for the Oliver company. He made notes of the examination, from which a Dr. Ewens prepared a report in duplicate, upon a typewriter, on a form provided for that purpose by the Oliver company, of which the original was sent to the company and a copy retained by Dr. Ewens as an office memorandum. The carbon copy was offered in evidence and excluded upon plaintiff's objection. Then Dr. Malmstrom was permitted to use the memorandum to refresh his recollection. After examining it, he stated that his recollection was refreshed by it, and, using it for that purpose, he testified to the facts stated in the memorandum. If there was error in excluding the memorandum it was without prejudice because the matters contained in the memorandum were covered by the testimony of the doctor. Hawley v. Minneapolis St. Ry. Co. 108 Minn. 136, 121 N. W. 627; Comerford v. New York N. H. & H. R. Co. 181 Mass. 528, 63 N. E. 936; Butler v. C. B. & Q. R. Co. 87 Iowa, 206, 212, 54 N. W. 208; Roanoke Ry. &

Elec. Co. v. Young, 108 Va. 783, 62 S. E. 961, 15 Ann. Cas. 946; 4 C. J. p. 1014, § 2999.

It is claimed that the damages are excessive. This assault was the second one which defendant Frederickson committed upon plaintiff, and it was a particularly brutal one. One of the witnesses stated that the blow was a wide, vicious swing, what he called "a haymaker." As a result of the blow plaintiff sustained a deviated septum, which has made him subject to nasal obstructions, colds, and other discomforts. The trial court was of the opinion that, while the damages were liberal, they were not excessive. We concur in the views of the learned trial court. We find no reversible error.

The order is affirmed.

[1]Reported in 275 N. W. 404.