No. 30,816.

GEORGE L. REDFIELD, *Appellant,* v. THE CHELSEA COAL COMPANY, *Appellee.*

(16 P. 2d 475.)

Opinion filed December 10, 1932.

*William H. Sprecher,* of Arcadia, and *Caroline A. Lowe,* of Pittsburg, for the appellant.

*P. E. Nulton* and *G. L. Stevenson,* both of Pittsburg, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for damages growing out of a collision of an automobile with a truck. Judgment was for defendant, sustaining a demurrer to the evidence of plaintiff. Plaintiff appeals.

The collision occurred on May 8, 1930, at a point where highway 66 is intersected by a county-line road. Highway 66 is a heavily traveled north-and-south federal highway. Near the point where the collision occurred the Chelsea Coal Company operates a coal mine. About 800 feet west of the intersection is located the loading tipple of appellee. This tipple is made by making an earth grade on which trucks could drive up loaded with coal. When they reach the top the truck is dumped and the coal falls into the railway cars

below. The railroad track runs parallel with the highway at this point. The railroad track was about 150 feet west of the road. It is considerably higher than the highway, so that from the railroad tracks to the highway there is a down grade. About a mile and a half east of the intersection is located a strip pit coal mine operated by defendant. The road upon which the truck was traveling when it attempted to cross the highway is used for the passage of trucks in hauling coal from the mine of appellee on the east of the highway to the loading tipple west of the highway and for other traffic.

The truck which collided with the car in which appellant was riding was being driven by a man named Henry Land. The truck belonged to a man named Fred Garland. Suit was brought against the Chelsea Coal Company on the theory that Land was the agent of the coal company. The petition alleged that Land was the agent of the company. This was denied by appellee under oath. It was necessary for appellant, in order to establish liability against the coal company, to prove that Land was the agent of the company and was engaged in business of the company when the collision occurred. There is an argument made that the evidence of appellant showed that he was guilty of contributory negligence. In view of the conclusion we have reached on the question of agency it will not be necessary to discuss that question in this opinion.

Immediately after the collision Henry Land told appellant that he was hauling coal for the Chelsea Coal Company. When this evidence was offered the court sustained an objection to it on the ground that it was an attempt to prove agency by a declaration of the agent. Appellant admits it to be the rule that such a declaration is inadmissible, but argues that it is permissible to introduce the statements of an agent when the agency is otherwise *prima facie* proved and the statement is only offered in corroboration. The trouble with that theory here is that there is no evidence that Land was the agent of the coal company. We see no error in the exclusion of this statement.

Appellant offered evidence as to the location of the mine and the loading tipple with reference to the point of collision. Evidence was offered that the mine worked some days and some days it did not work. The general practice seemed to be to haul the coal in trucks from the mine to the tipple where it was loaded into cars. The truck in question belonged to one Fred Garland. He was paid by the coal company and he paid Land. While Land was loading his

truck at the mine the evidence was that the foreman of the mine would show him where to load and that the mine furnished men to shovel coal into the truck. There was evidence, also, that occasionally the company would furnish a slip team to pull one of the trucks out if it got stuck. There was evidence that the foreman for the mining company would tell the truck drivers when to come to work, that is, he would tell a garage man, or one of the drivers, or one of the truck owners, and the word would get around.

In *Laffery v. Gypsum Co.*, 83 Kan. 349, 111 Pac. 498, this court said:

"The general rule is that when a person lets out work to another, the contractee reserving no control over the work or workmen, the relation of contractor and contractee exists, and not that of master and servant, and the contractee is not liable for the negligence of improper execution of the work by the contractor." (Syl. ¶ 1.)

In this case the evidence showed that the coal company operated a mine; that it made contracts with truck owners to haul coal from the mine to the tipple; that among these was the owner of the truck in question; that in turn the truck owners hired drivers to operate their trucks; that among these was the driver of the truck in question. As far as contractual relationship is concerned, that was shown to exist between the mining company and the truck owner, and the truck driver and the truck owner, but not between the truck driver and the mining company. As far as the record discloses, the mining company exercised no control whatever over the work of the truck driver other than to tell him where to get the coal at the mine. This collision occurred as a result of the manner in which the truck was being driven between the tipple and the mine, something over which the mining company had no control whatever. The rule is laid down in 39 C. J. 1275 as follows:

"A servant of one employer does not become the servant of another for whom the work is performed merely because the latter points out the work to the servant, or gives him signals calling the service into activity, or gives him directions as to the details of the work and the manner of doing it."

There is another element of liability lacking in the proof of appellant. In order to establish liability against the coal company appellee must first prove that the truck driver was the agent of the mining company. This, we have seen, he did not do. Second, assuming that this was done, he then must prove that at the time the collision occurred the truck driver was engaged in the business of the mining company. This was not done. There is no evidence that

the truck driver was hauling coal on the day in question. Indeed, it is only by an unsatisfactory inference that we gather from the proof that the mine was running that day. Appellant testified that he saw the truck coming down from what he took to be a tipple, but he stated that was only 150 feet away, while it is plain from the evidence offered that the tipple was about 800 feet away. What he actually saw was the truck coming down off the railroad tracks, which, according to the evidence, was about 150 feet distant and higher than the highway.

Appellant failed to prove the two elements which were vital to his cause of action.

The demurrer to the evidence was properly sustained. The judgment of the district court is affirmed.