No. 32,667

Minnie J. Redfield, *Appellant*, v. The Chelsea Coal Company and The Crowe Coal Company, *Appellees*.

(54 P. 2d 975)

Opinion filed March 7, 1936.

*Roland Boynton*, of Topeka, and *William H. Sprecher*, of Arcadia, for the appellant.

*P. E. Nulton* and *R. L. Letton*, both of Pittsburg, for the appellees.

The opinion of the court was delivered by

Thiele, J.: This was an action for damages growing out of a collision of an automobile, in which plaintiff was riding, with a truck driven by one Henry Land, who it was claimed was an employee of the Chelsea Coal Company. Liability against the Crowe Coal Company is predicated on the claim that it owned the Chelsea Coal Company. We shall treat the defendants in the singular.

Defendant demurred to plaintiff's evidence on the ground a cause of action had not been proved. The demurrer was sustained and plaintiff appeals, assigning as error not only the above ruling, but many rulings sustaining objections to introduction of evidence. A careful examination of the record shows that, at least in part, the demurrer was sustained because of a claimed failure of the plaintiff to prove that Henry Land was an employee of defendant Chelsea Coal Company. Practically all specifications of error based on exclusion of evidence refer to evidence other than that tending to prove the employment.

Plaintiff's husband brought an action against the defendants here for damages growing out of the same accident. In the trial of that action a demurrer to plaintiff's evidence was sustained, and an appeal was taken to this court. In the opinion is a statement of facts showing the place and manner of the accident to which reference is made. (*Redfield v. Chelsea Coal Co.*, 136 Kan. 588, 16 P. 2d 475.)

In determining whether the demurrer to the evidence was properly sustained, we assume the accident occurred; that plaintiff was without fault; that she sustained the injuries of which she complains and that Henry Land was responsible therefor, as alleged in the petition and as shown by the evidence. But a careful reading of the abstracts shows that all that was proved by or that may be inferred from plaintiff's evidence was that Henry Land was driving a truck for Fred Garland, who was employed in some capacity by the Chelsea Coal Company. The evidence tended to show Land had hauled a load of coal to defendant's tipple and was leaving the tipple at the time of the accident. Where Land was then going, whether he was returning to the mine, which was some distance away, or was going home or some place else was not shown.

In this connection we note plaintiff's contention the trial court erred in not permitting an affidavit of plaintiff to be read in evidence because of noncompliance with a demand for inspection of a letter said to have been in possession of defendants which would show Land's relation to defendants, plaintiff's motion to compel compliance with the demand having been denied. It is unnecessary to discuss at length applicable provisions of the code of civil procedure. The motion to compel compliance with the demand was addressed to the trial court's discretion (R. S. 60-2850) and there is no showing that discretion was abused. The petition alleged the Chelsea Coal Company was a Kansas corporation and very likely the trial court knew that its office was in Pittsburg, where the trial was held, as the motion to compel compliance stated. The demand for inspection was made February 19, 1934. The motion to compel compliance was filed March 3, 1934, and denied April 20, 1934. The trial was not until January, 1935. There is no showing that any subpoena *duces tecum* (R. S. 60-2807) was asked for and subsequently disobeyed, or that any attempt under R. S. 60-2851 or 60-2869 was made to produce the claimed evidence. Under the circumstances it seems fruitless to argue that plaintiff, who was present in court, could use her affidavit to show facts to which she personally could not testify.

For some reason evidently satisfactory to the plaintiff, but not disclosed by the record, plaintiff did not call Garland, or any officer, manager or employee of the defendant, who, without resort to hearsay, could state what Land's relationship to the defendants or either of them was, if any. Although a number of workmen

and truck drivers were called, some of them said Land had been a truck driver, none of them testified as to whether they worked by the hour, the day, the load, etc. Some who drove their own trucks did say the foreman told them where to get their loads, and that the foreman determined when they should and should not work, and that he gave them their checks. The witness, Hendrickson, stated he drove a truck for Garland and that Henry Land did also, and that when the witness was driving Garland's truck, the company paid Garland and Garland paid him, and that when he had his own truck and used it the company paid him; that when driving Garland's truck he made his arrangements with Garland and not the company; that he then worked when and where Garland directed, and Garland was his boss and paid him by the day.

There was no direct evidence Land worked for the defendant, and the only inference that can be drawn from the evidence is that he worked under the same arrangement as Hendrickson, that is, that he worked for Garland and not for the defendant. Plaintiff argues that because it was shown Land hauled coal, and others engaged in similar work were employed by defendant, it may be inferred Land worked for defendant. A fact is not proved by circumstances which are merely consistent with its existence (*Hendren v. Snyder*, ante, pp. 34, 41, 53 P. 2d 472), a rule particularly in point where the only evidence directly on the question leads to a contrary conclusion.

Essentially, the evidence in the case at bar was little different from that discussed in *Redfield v. Chelsea Coal Co.*, supra, and what is said there applies here and need not be repeated. The trial court did not err in sustaining the demurrer to plaintiff's evidence.

The above conclusion renders it unnecessary that we discuss many assignments of error with reference to exclusion of evidence offered for the purpose of showing claimed identity of the two defendant corporations.

Other specifications of error have been examined and found to be without merit.

The judgment of the trial court is affirmed.