No. 35,483

ANABEL SIMS, *Appellant*, v. (OSCAR DIETRICH) ELMER E. SCOTT, ELMER E. SCOTT INVESTMENTS, and THE FARM MORTGAGE INVESTMENT COMPANY, *Appellees*.

(124 P. 2d 507)

Opinion filed April 11, 1942.

*A. D. Weiskirch, Jr.*, of Topeka, argued the cause, and *B. F. Messick*, of Topeka, was on the briefs for appellant.

*W. Glenn Hamilton*, of Topeka, argued the cause, and *E. R. Sloan, Floyd A. Sloan* and *Eldon R. Sloan*, all of Topeka, were on the briefs for appellee Elmer E. Scott.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover damages for injuries sustained in an automobile accident. At the trial, and after she had introduced her evidence, plaintiff moved to dismiss as against the defendant Farm Mortgage Investment Company, the motion being allowed. Under the pleadings the defendant Elmer E. Scott Investments is one and the same as defendant Elmer E. Scott. Scott's

demurrer to plaintiff's evidence was sustained. Plaintiff filed a motion for a new trial, alleging, *inter alia,* newly discovered evidence, but on the hearing none was produced and the motion was denied, and she appeals. It is noted that judgment was rendered against the defendant Oscar Dietrich, who was in default.

The trial court sustained the demurrer for the asserted reason the evidence did not show the relation of master and servant between the defendants Scott and Dietrich, but rather showed that Dietrich was an independent contractor. The gist of the appeal is the correctness of that ruling, and our review of the evidence is limited generally to the evidence pertaining thereto. As a preliminary, it may be said that on the night of May 7, 1941, Dietrich was driving a truck loaded with posts belonging to Scott, and when he reached a place west of Watson, in Shawnee county, his truck became disabled. He left it parked on the highway without lights or warning signals and went for help, but before he returned the automobile driven by plaintiff's husband, and in which plaintiff was riding, collided with the truck, and plaintiff received severe injuries.

The evidence showed that Scott owned a farm about two miles south of Kanawaka in Douglas county and that he had been handling a farm about four miles west of Topeka, owned by Ottawa University, on which Dietrich lived. W. C. Wehrle lived on a farm southwest of Wakarusa in Shawnee county and Harvey Bayless had cut some fence posts on the farm, on shares. Scott went to the Wehrle farm two or three times to see about buying the posts, and made a down payment for a certain quantity, telling Wehrle and Bayless he would haul them as soon as he could get a truck driver. On May 7, 1941, Scott went to the Bayless home near Carbondale and said he had come after the posts, and Bayless and Scott went to the Wehrle farm and Dietrich was there. The deal for the posts was completed and Dietrich and Bayless loaded the posts. When the truck left the Wehrle farm Scott left in his car. The record as abstracted does not show that Scott in any manner directed the loading of the truck. Dietrich's testimony was that he hauled the posts for credit on his rent. Scott asked him to haul the posts and he met Scott at the Wehrle farm. He had just a few words with Scott, who told him to take the posts to his farm southwest of Lawrence, and he started directly for the Watson road, stopping at Wakarusa to load up "a little feed to take down with me," but he didn't know whether the feed belonged to Scott or his tenant.

In its comments when ruling on the demurrer the trial court stated there was no doubt of the evidence being insufficient on the question of Scott's control of Dietrich's movements, but in discussing right of control, there was no evidence he told Dietrich he had to drive a certain route or the straightest route or any particular route from Wakarusa to the point of delivery; or that he had to reach his destination at any certain time. He told him only where to deliver the posts.

Appellant contends that because Scott arranged to have Dietrich at the Wehrle place at a particular time, that Scott was present when the posts were loaded, that Dietrich stopped at Wakarusa to pick up the feed, the only inference is that Scott directed and controlled the loading, and further, that because Dietrich stopped at Wakarusa and then proceeded on the particular route he did, the inference must be that Scott told him to go that way. To support that contention appellant directs our attention to *Baker v. Petroleum Co.*, 111 Kan. 555, 207 Pac. 789, and especially to language used in the middle of page 560, in considering an instruction to which objection had been made. The statement refers to the evidence in that case. Space prevents a detailed review of the facts of the case, but it appeared the defendant leased a truck by the day to be used in its operations, the driver reporting each morning at a certain point. Omitting all other testimony, it appears that one of defendant's witnesses stated the operations of the truck were directed by the defendant's boss. That decision is not controlling here, for in it there was evidence not only showing right of control of physical conduct, but that the control was exercised. Another case to which appellant directs our attention is *Mendel v. Fort Scott Hydraulic Cement Co.*, 147 Kan. 719, 723, 78 P. 2d 868, where after quoting from two of our decisions, it was said:

"The real test is the right or authority to interfere, direct, supervise or control, and not the actual interference or exercise of the control by an employer which determines whether one is a servant rather than an independent contractor." (Citing authorities.)

There is no doubt the quotation states the law. See the later case of *Houdek v. Gloyd*, 152 Kan. 789, 107 P. 2d 751, where the Mendel case, *supra,* and many of our other cases are reviewed. In that case it was held:

"A master is a principal who employs another to perform service for him, and who controls or has the right to control the physical conduct of the other in the performance of such service, and the servant is the person so employed.

"An independent contractor is generally one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer, except as to the result of his work." (Syl. ¶¶ 2, 3.)

In Restatement, Agency, sec. 220, it is said:

"(1) A servant is a person employed to perform service for another in his affairs and who, with respect to his physical conduct in the performance of the service, is subject to the other's control or right to control.

"(2) In determining whether one acting for another is a servant or an independent contractor, the following matters of fact, among others, are considered:

"(e) Whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;

"(f) the length of time for which the person is employed;

"(g) the method of payment, whether by the time or by the job;

"(h) whether or not the work is a part of the regular business of the employer; . . ."

We shall not detail the comment made explaining the above quotations, but applying the tests there set forth to the evidence before us, it appears only that Dietrich furnished his own truck to perform the work; that it was the only work he was doing for Scott; that he was paid for the job and not by the hour; and that the work being performed was no part of the regular business of Scott. Stated in another way, there is no evidence that Dietrich was ever employed by Scott on any previous occasion—the evidence went no further than to show that Dietrich was employed to use his truck to haul some posts and feed to satisfy or partly satisfy a claim for rent. A fact is not proved by circumstances which are merely consistent with its existence (*Redfield v. Chelsea Coal Co.*, 143 Kan. 480, 482, 54 P. 2d 975), and such facts as were proved did not warrant an inference that Scott had any right of control of Dietrich in his performance of the contract to haul the posts.

The ruling of the trial court on the demurrer was correct and it is affirmed.

Hoch, J., not participating.