## KARNOWSKI v. SKELLY OIL CO.

No. 3764.

United States Court of Appeals
Tenth Circuit.

May 10, 1949.

Charles Rooney, Topeka, Kan. (John D. Cunningham, Seneca, Kan., was with him on the brief), for appellant.

Hawley C. Kerr, Tulsa, Okl. (Howard A. Jones, Topeka, Kan., was with him on the brief), for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

Joseph Karnowski brought this suit against the Skelly Oil Company for personal injuries, allegedly caused by the negligence of its employee John Sausser in throwing a large piece of cement from the top of Skelly's building, while making repairs thereon. Skelly denied an employer-employee relationship with Sausser, and alleged that the building repairs were under his sole supervision and control as an independent contractor. Upon the trial of the case the court took a motion for directed verdict under advisement and submitted the case to the jury. In answer to interrogatories, the jury found an employer-employee relationship; negligence on the part of Sausser; assessed damages therefor, and the trial court entered judgment in favor of the plaintiff.

Skelly filed a motion for judgment in accordance with its former motions for a directed verdict, and upon a hearing the court set aside the jury verdict for the stated reason that the evidence afforded no factual basis for an inference of an employer-employee relationship between Sausser and Skelly. A motion for new trial was overruled, and plaintiff has appealed, contending that the evidence was legally sufficient to establish a master-servant relationship. And, in the alternative, contends that if such relationship was not sufficiently proven, it was by reason of the trial court's exclusion of competent evidence tending to show the true relationship of the parties.

There was no written contract between Skelly and Sausser and the work was performed under an oral agreement. The terms of the agreement and the manner in which the work was performed, were developed on the trial of the case by the testimony of Sausser and appellee's Field Representative, L. F. Stretcher, who was in charge of company properties. There is no material dispute in their testimony, disclosing the following facts: Sometime in February, 1946, Stretcher contacted Sausser concerning repairs on a building owned by appellee. Sausser agreed to do the work but stated that he could not take it on a contract, because there was no way to arrive at a correct "lump sum that would cover that kind of job." The parties then orally agreed that Sausser would receive $1.50 per hour and 85¢ per hour for his laborers. At that time Sausser was paying 75¢ per hour for labor and he expected to make a

profit on their work, but was prevented from doing so because at the time the repairs were started laborers' wages had been raised to 85¢ per hour. Sausser was to procure the needed materials and charge the same to Skelly, with the exception of the required brick and steel, which was shipped to Seneca by Skelly. Sausser was told to use his own judgment in the work to be done; he hired the workmen, set their wages and supervised their work; he used his own tools, and no one from Skelly attempted any control or supervision over the work. During the time the work was in progress Sausser advanced sums of money to his laborers, but did not present a bill to Skelly for wages or materials, nor was he paid for either until the job had been completed.

■ Recognizing the right of control as the principal factor in determining an employer-employee relation, the Kansas courts have said that when a person lets out work to another, and reserves no control over the work or workmen, a contractee relationship exists. Smith v. Brown, 152 Kan. 758, 107 P.2d 718, 719; Houdek v. Gloyd, 152 Kan. 789, 107 P.2d 751; Sims v. Dietrich, 155 Kan. 310, 124 P.2d 507; Mendel v. Fort Scott Hydraulic Cement Co., 147 Kan. 719, 78 P.2d 868. And, the fact that the work was paid for by the hour does not destroy such relationship. Smith v. Brown, supra.

■ It being undisputed under the evidence, that Sausser contracted to do the work for Skelly according to his own judgment, without any control or supervision by Skelly or its agents, the question of whether he was an independent contractor became one of law, Houdek v. Gloyd, supra, and the trial court correctly granted the motion for a directed verdict, unless as contended by appellant, rulings on proffered evidence prevented him from making a prima facie case for the jury.

The proffered and excluded evidence consisted of a printed statement, entitled "Statement of Independent Contractor", mailed to Sausser; a letter from Sausser to Skelly declining to execute the same; and evidence relating to other work performed by Sausser for Skelly.

■ The "Statement of Independent Contractor" was mailed to Sausser after the injury had occurred, the repairs had been finished, and litigation was eminent. It did not purport to be a contract, but stated at the outset that invoices covering the work were attached. It certified that the person signing the same was registered in the state where the work was performed, as an employer under the Unemployment Insurance Laws and had been assigned a number; that he had complied with such law and had paid or would pay all unemployment insurance taxes under state law; that he had been assigned an employer's identification number under the Social Security Act, 42 U.S.C.A. § 301 et seq., and had paid or would pay all Federal taxes on wages paid to employees used in performing the work. In his letter to Skelly, returning the statement, Sausser stated that he could not sign the same as the job had been done on an hourly basis, but that if it was necessary for the appellee to withhold the taxes from the wages, he would furnish the necessary information. The printed statement lends no support to the view that the relationship between Sausser and Skelly was that of an employer and employee—rather it negatives such a relationship. At most, Sausser's letter tended to show that the work was done on an hourly basis. That fact is undisputed, but as pointed out above, it does not destroy the independent contractor relationship. Smith v. Brown, supra. Had the printed statement and letter been admitted in evidence, they would have been without any probative force in supporting or sustaining the contention that the relationship was that of master and servant, and they were properly excluded.

■ During the time Sausser was engaged in repairing the building, agents of Skelly arranged with him to repair a cement driveway, repair a drain around a door, and install a pneumatic control on a door. None of the additional jobs was within the contemplation of the original agreement, which was to put the building in proper condition. Furthermore, each was undertaken under separate and distinct oral arrangements, after the original work began and after appellant had sustained

his injury. Evidence relating thereto would have added nothing to the factual situation.

It is lastly contended that the trial court erred in denying appellant's motion for a new trial. Having taken a motion for a directed verdict under advisement subject to a later determination of the legal questions raised, as provided by Rule 50(b) F.R.C.P., 28 U.S.C.A., it was within the sound judicial discretion of the court to enter judgment for the appellee notwithstanding the verdict, or to grant a new trial. Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 67 S.Ct. 752, 91 L.Ed. 849. It cannot be said that in the circumstances presented here that the court abused its discretion in denying the motion for a new trial.

The judgment is affirmed.