## IRENA MOWRY and MARY KETTERING v. MA-RION NORMAN, Appellant.

### Division One, November 27, 1909.

1. **WILL CONTEST: Peremptory Instruction.** Where upon the former appeal the Supreme Court examined the record and ruled that the case was one for the jury, the trial court, upon a retrial, the evidence being much the same, properly refused a peremptory instruction to find for the proponents of the will.

2. ————: **Financial Condition of Donees.** The financial condition of the donees and disinherited contestants who are the natural objects of the testator's bounty, if it be shown that testator had knowledge thereof, may be shown in the will contest, as bearing upon the issues both of incapacity and undue influence.

3. ————: **Incapacity: No Issue: Submission to Jury.** The burden is upon proponent to show the mental capacity of testator to make the will; and though there is not sufficient evidence to submit the question of his incapacity to the jury, yet if proponent does not ask for a peremptory instruction upon that issue, but asks and is given instructions fully covering and submitting that issue to the jury, he cannot complain of proper instructions on the same subject given for contestants.

4. **INSTRUCTIONS: Asked on One Side: Right of Other.** Where one side presents instructions upon certain points, the other side cannot be held as committing error in asking and receiving similar instructions on the same question.

5. **WILL CONTEST: Incapacity: Correct Instruction.** An instruction for contestants, requiring the jury to find, from a preponderance of the evidence, that testator "had sufficient understanding to comprehend the nature of the transaction he was engaged in at the time of the signing and execution of the proposed will, the nature and extent of his property, and to whom he desired to and was giving it, without the aid of any other person, and unless the defendants have shown by such preponderance of evidence that he did possess all these requisites, you should find that the paper writing introduced in evidence is not the will and testament of deceased," is approved.

6. ————: **Undue Influence: Confidential Relations.** Where a confidential relation has been established, showing that the chief beneficiary of the will had sole control and management of his father's business, property and affairs, the law presumes undue influence, and places the burden upon such beneficiary to rebut

it. And the instruction on that subject in this case is held to be in substance correct, though the language might be judiciously changed.

7. REMARKS OF COUNSEL: Preserved by Affidavit Only. The case had been previously tried, and by stipulation it was agreed that either party might read the evidence of any witness from the bill of exceptions. Appellant was present, but did not testify, his testimony at the former trial being read from the bill, and in the motion for a new trial and in a subjoined affidavit it is charged that counsel for respondents severely criticised appellant for not having testified in person. *Held*, the complaint, being found for the first time in the motion and affidavit, cannot be considered on appeal. The bill of exceptions must show objections to the remarks when made and exceptions to the court's ruling thereon.

Appeal from Nodaway Circuit Court.—*Hon. F. A. Cummins*, Special Judge.

AFFIRMED.

*W. W. Ramsay, L. C. Cook* and *W. A. Blagg* for appellant.

(1) Testimony concerning the financial condition of plaintiffs and their husbands was incompetent. Such evidence had no tendency to prove any issue presented by the pleadings. Its only effect, and, we believe, the only purpose in offering it, was to create in the mind of the jury a sympathetic feeling for plaintiffs, and thus cause the jury to say, as they did, this farm ought to be divided. (2) The evidence of Mrs. Kettering and Mrs. Mowry, plaintiffs, as to how they worked on the farm and in the field for their father, when they were girls at home, some forty years ago, should have been excluded. This evidence tended to prove no issue in the case, but constituted a powerful weapon in the hands of plaintiffs' counsel, in creating a sentiment in the mind of the jury for their clients. Couch v. Gentry, 113 Mo. 248. (3) Plaintiffs' first instruction, submitting to the jury the question of mental capacity, was error. There is absolutely no testi-

mony in this record even tending to show that at the time the will was executed the testator was mentally incompetent to make a will. Couch v. Gentry, supra; Sehr v. Lindemann, 153 Mo. 288; Winn v. Grier, 217 Mo. 445. If, then, the issue has been submitted to the jury, and they have found against the will, it is the duty of the court to set the verdict aside unless the evidence measures up to the standard required. Riggins v. Westminster College, 160 Mo. 581; Jackson v. Hardin, 83 Mo. 175; Fulbright v. Perry County, 145 Mo. 432; Norton v. Paxton, 110 Mo. 466. Plaintiffs had these same witnesses and this identical testimony on the first appeal, on this issue, and this court, after reviewing it all, in effect said that there was not sufficient testimony to take this issue to the jury, but held that plaintiffs were entitled to go to the jury on the question of undue influence. Mowry v. Norman, 204 Mo. 173. And yet, in the face of all this, the issue of mental capacity is submitted, along with that of undue influence, and a jury finds against the will. (4) Plaintiffs' second instruction is erroneous. It tells the jury that, even though the testator was of sound mind and disposing memory, and fully competent to make a will, yet, if from any cause or causes, his mind was subject to the control and dominion of Marion Norman, and Marion unduly exercised that dominion at the time the will was executed, then the finding should be against the will. Such doctrine is not the law of this State. There are influences over the mind of a testator which the law condemns, and others which it commends—influences upon which society frowns and others upon which it smiles—influences bad and others good—some right and some wrong. Winn v. Grier, 217 Mo. 459; Rankin v. Rankin, 61 Mo. 295; Jackson v. Hardin, 83 Mo. 175. (5) The giving of plaintiffs' sixth instruction was error. This instruction declares the law to be, that if appellant was the son of testator

223 Sup—30

and sustained confidential and fiduciary relations toward him when the will was made; and that he resided with the father until his death, had control of the household affairs; had the close and implicit confidence of the father, and the father looked to him for advice, counsel and direction; that he had the control and management of the father's business, and that he is the only substantial beneficiary in the will, then the law presumes that the will is the result of undue influence, and puts upon the son the burden of rebutting this presumption, and further declares that unless he has done so, then the jury should find against the will. This instruction is not the law, because of two propositions, viz.: 1. Even if it were conceded that a jury might be warranted in finding the existence of undue influence from the conditions stated in the instruction, yet, from such conditions, the law does not presume that it does exist, and the jury should not be so told. 2. The conditions stated in the instruction, without something more, do not constitute undue influence, such as invalidates a will. Baily v. Railroad, 152 Mo. 461;, Moberly v. Railroad, 98 Mo. 183; Spaulding's Case, 33 Wis. 582; Lynch v. Railroad, 112 Mo. 434; Rapp v. Railroad, 106 Mo. 423; Myers v. Kansas City, 108 Mo. 480; Barr v. Kansas City, 105 Mo. 558; Railroad v. Stebbins, 62 Mo. 504; Payne v. Railroad, 129 Mo. 419.

*John Kennish, John M. Dawson* and *A. F. Harvey* for respondents.

(1) The court did not err in overruling defendant's objection to the evidence tending to show the financial condition and circumstances in life of the plaintiffs. Such evidence, both as to plaintiff and defendant, is competent in such a case. Thompson v. Ish, 99 Mo. 160; Schouler on Wills (3 Ed.), 263; McFadin v. Catron, 120 Mo. 270; McFadin v. Catron, 138 Mo. 197; Meier v. Buchter, 197 Mo. 68; Fairchild v. Bascom, 35 Vt. 398; 13 Ency. of Ev., pp. 226, 256-7;

Davenport v. Johnson, 182 Mass. 269. (2) The court did not err in admitting over the defendant's objection, the testimony of Mrs. Mowry and Mrs. Kettering tending to show that while living at home before their marriage they assisted their father, the testator, by working on the farm. It is always competent on the issue of undue influence to prove that the will is unjust, unreasonable and unnatural in its provisions. Meier v. Buchter, 197 Mo. 68; 29 Am. and Eng. Ency. Law (2 Ed.), p. 115; Thompson v. Ish, 99 Mo. 172; 13 Ency. of Ev., p. 249; Page on Wills, sec. 426. (3) The defendant having requested the court to instruct the jury upon the issue of testamentary capacity and the court having instructed the jury as requested, the defendant cannot now be heard to complain of error in the submission of such issue, and therefore the action of the court in giving instruction 1 at the request of plaintiffs is not before this court for review. Crutchfield v. Railroad, 64 Mo. 255; Bank v. Armstrong, 92 Mo. 265; Fairbanks v. Long, 91 Mo. 628; Holmes v. Braidwood, 82 Mo. 610; Straat v. Hayward, 37 Mo. App. 585; Green v. Green, 145 Ill. 264; 2 Ency. Pl. and Prac. 523. (4) The appellant's fifth assignment complains of error in the giving of the second instruction at the request of the plaintiffs. It is not necessary for respondents to enter upon the defense of the instruction now under consideration for the reason that it is in form approved by this court. Moore v. McNulty, 164 Mo. 111. (5) Error is also assigned to the action of the court in giving instruction 6 at the request of plaintiffs. As this instruction is in exact conformity with the law as declared by this court on the former appeal of this cause, it is now the law of the case and is not open to review on this appeal. Mowry v. Norman, 204 Mo. 173; Hegney v. Head, 126 Mo. 619; Seibert v. Hatcher, 205 Mo. 83; Gordon v. Burris, 153 Mo. 226; Marx v. McGlynn, 88 N. Y. 357; Gay v. Gillilan, 92 Mo.

250; Maddox v. Maddox, 114 Mo. 35; 2 Pomeroy's Eq. Jur., sec. 951.

GRAVES, J.—This case is here for the second time. It stands admitted that the facts are practically the same as before. In fact the greater portion of the evidence was read from the previous record, and that offered in addition does not substantially change the case or the questions involved therein. Upon this point, the present appellant says:

"The evidence at the last trial was, as per stipulation duly filed, mostly read to the jury from the bill of exceptions filed in the first appeal, there being but few witnesses introduced in person, and this very commendable method of procedure, adopted for the purpose of saving costs, gives rise to one of the important points urged by appellant as ground for reversal, viz., the misconduct of counsel for respondents as appears in the bill of exceptions, and presented in our briefs."

At the first trial at the close of all the testimony, the learned trial judge, by peremptory instruction, directed the jury to find that the paper writing was the last will and testament of Wesley Norman. A verdict was returned in accordance with such direction from the court, and upon that verdict judgment was rendered, from which the plaintiffs (contestants) duly appealed. [Mowry v. Norman, 204 Mo. 173.]

This judgment we reversed and remanded the cause. The pleadings and facts are fully set out in the opinion there given, and it would be a trespass upon time and space to reiterate them here. We were then fully possessed of the facts and in the opinion stated them. The inquiring mind can gather them from this first opinion.

Upon a retrial before a special judge, the cause was submitted to a jury, and this jury found that the paper writing was not the last will and testament of Wesley Norman, upon which verdict judgment was

in due form rendered, and from this judgment the proponent of the will has now appealed. Whilst the facts in the case proper are practically the same, some new questions are raised upon the instructions, as well as some matters occurring during the trial. In the former opinion we held that the case should have at least gone to the jury upon the question of undue influence, but as to the question of mental capacity, we declined to pass upon that issue in express terms either one way or the other, but from the opinion in general it may be gathered that the testimony upon absolute mental incapacity was somewhat scant and questionable in view of some of the Missouri cases. These cases we did not then go into, because we had reached the conclusion that the case would have to be reversed and remanded upon the other ground. So that it will only be necessary to note the new questions in this record, leaving the summary of the evidence to be gathered from the former opinion. Such portions of the new record, as well as the old, as may be necessary to a disposition of the present legal questions, now urged, will be noted in the course of the opinion, and this on the theory that both opinions will be read together in order to get the full scope of this opinion.

I. At the close of all the evidence in the case, the defendant or proponent of the will, in this trial, as in the previous trial, asked a peremptory instruction, directing the jury to find that the paper writing was the last will and testament of Wesley Norman, deceased. Although given in the first trial it was refused in this trial. This refusal is urged as error. In refusing such an instruction the trial court was but following the mandates of this court. We examined the record on the former appeal and were satisfied that there was a case for the jury. Contestants' case has not been weakened by the facts presented in the last trial. This peremptory instruction was therefore properly overruled.

II. It is further urged that error was committed in permitting the plaintiffs (contestants) to show their financial condition, a condition thoroughly shown to have been within the knowledge of the testator. In will contests, the purpose of the law is to place the jury in the position of the testator. Especially is this true as to the relations of testator with those who are the natural objects of his bounty. If it be shown that one child has been successful in life, and further shown that this child bore a confidential or fiduciary relationship to the testator, and further shown that the testator was in position to know and did know the financial situation of the other children (natural objects of his bounty), and under these circumstances a will is made giving all the property to the one who was in no way (financially speaking) dependent upon the bounty of the testator, such evidence is competent to show that the testator was either incapacitated to make a will by not being able to fully contemplate and know the objects of his bounty, or it is competent as tending to show undue influence upon the mind of the testator in the execution thereof. Such evidence bears upon the issue of undue influence and mental incapacity. [Thompson v. Ish, 99 Mo. 160; Schouler on Wills (3 Ed.), p. 263; 28 Am. and Eng. Ency. Law, (2 Ed.), pp. 106-7.]

By the last authority, with citations from many states, it is said: "The character of the provisions, however, as being just or unjust, reasonable or unreasonable, may be considered by the jury as tending to throw light on the capacity of the testator. Evidence is therefore admissible tending to throw light on the question of the justice or reasonableness of the will. *Such evidence usually relates to the relative situations and needs of those having a claim on the testator's bounty, and to the relations between the testator and those receiving or claiming to have been unfairly deprived of this bounty.*"

And this court, in the recent case of Meier v. Buchter, 197 Mo. 1. c. 90, has expressly approved this language. The writer hereof did not sit in that case, because not argued in his presence, but fully concurs in the doctrine therein announced. There can be no question that evidence as to the relative situations and needs of those having a claim upon the bounty of a testator is proper evidence. You can show the relationship as to whether the testator was friendly or unfriendly to the natural objects of his bounty. The principle of law which admits this evidence admits the other and for the same reason.

Case after case might be cited, but we will not take further space. This contention is untenable.

III. Defendant complains of the action of the court in giving instruction numbered 1 for the plaintiffs. This instruction goes to the question of mental incapacity to make a will.

If it were not for the fact that defendant himself had asked several instructions on this same question it might be debatable as to whether or not the instruction should have been given. At the previous hearing of this cause in this court, we did not pass upon that question, but contented ourselves by saying that a peremptory instruction to find that the written instrument was the last will and testament of Wesley Norman was properly refused, at least upon the ground that there was strong evidence tending to show undue influence. The burden is upon the proponent of the will, or the defendant in this case, to show the mental capacity of the party making the will, and so long and so recently has this doctrine been announced that citation of authority is not called for.

Now, in the present trial the proponent of the will, defendant herein, by his instruction numbered 1, had the court to declare that there were three questions to be determined, (1) as to whether or not the will was

formally executed, (2) as to whether or not the decedent was sound enough in mind and memory to make a will, and (3) as to whether or not the testator's mind was operating under the undue influence of Marion Norman.

As to the first question, defendant asked a peremptory instruction, which was given.

As to the second question, i. e., that of mental incapacity, the defendant instead of asking for a peremptory instruction and thereby forcing the court to declare whether or not there was any evidence upon which to submit said question, said defendant assumed a different course, that is to say, he asked and was given instructions fully covering and submitting to the jury the question of mental incapacity.

Now, bearing in mind that upon this question the burden was upon defendant, the plaintiff asked and the following instruction was given:

"The court instructs the jury that, in determining the issue of the sufficient soundness of mind and testamentary capacity possessed by said Wesley Norman to make a will, before you can find in favor of said proposed will, you must believe from a preponderance of the evidence that, at the time of the signing and execution thereof, the said Wesley Norman had sufficient understanding to comprehend the nature of the transaction that he was then engaged in, the nature and extent of his property, and to whom he desired to and was giving it, without the aid of any other person, and unless the defendants have shown by such preponderance of evidence that he did possess all these requisites, you should find that the paper writing introduced in evidence is not the will and testament of the deceased, Wesley Norman."

Defendants now say that this instruction is error and in support thereof cite us to the case of Couch v. Gentry, 113 Mo. 248 and Winn v. Grier, 217 Mo. l. c. 447. They also complain that it was indicated to the

court in the previous trial that the question of testamentary incapacity was not shown by the evidence. The previous opinion in this court did not positively pass upon that question, but in fairness to the defendant it should be said that there was doubt as to the sufficiency of the evidence upon that point.

This, however, need not be discussed at this time. Under all the rules, the defendant (proponent of the will) must establish the mental capacity of the testator. When such defendant by instructions submitted by him and approved by the court presents that question to a jury, it cannot be said that the opposite party has committed error when he submits and has approved an instruction upon the same question, unless the instructions so given are absolutely at variance, so that a jury might be misled by either or all of the instructions.

It has been continuously held that, where one side presents instructions upon certain points, the other side cannot be held as committing error in presenting similar instructions upon the same question. See Gordon v. Park, 219 Mo. l. c. 611 and cases cited.

In this case the instructions asked and received by defendant were as broad as the law will permit, and he having invoked the judgment of the jury upon the question of mental incapacity is in no position to complain of a proper instruction upon the same question by the plaintiffs. Defendant having the burden cast upon him as to the question of mental incapacity asked and received instructions fully as broad, if not broader, than the case law of the State.

With this situation, the plaintiffs asked the instruction quoted above. They now say this instruction was error because this court had indicated that such question was not in the case. We did not in direct terms so indicate, but whether we did or not, the defendant having asked instructions upon the same question is in no condition to complain, unless the in-

struction given for plaintiffs is absolutely erroneous. Defendant might have asked a peremptory instruction upon this question and thereby obviated the question here, but he did not seek so to do.

Defendant claims that such instruction as was given to the plaintiffs is condemned by the cases of Couch v. Gentry, 113 Mo. 255 and Winn v. Grier, 217 Mo. 420. The instruction we have set out above.

In the Couch case, Judge Black, in defining what he understood to be mental incapacity said: "If the testator understood the business about which he was engaged when he had prepared and executed the will, the persons who were the natural objects of his bounty and the manner in which he desired the dispositions to take effect, he was capable of making a will. [Schouler on Wills, sec. 68.] Such is in substance and effect the rule as stated by this court in a number of cases. [Brinkman v. Rueggesick, 71 Mo. 553; Benoist v. Murrin, 58 Mo. 307; Jackson v. Hardin, 83 Mo. 175; Myers v. Hauger, 98 Mo. 433; Thompson v. Ish, 99 Mo. 160; Norton v. Paxton, 110 Mo. 456.] We said in the case last mentioned that a person, though aged or infirm, who is able to transact his ordinary business affairs, and who has a mind and memory capable of presenting to him his property and those persons who come reasonably within the range of his bounty, has the capacity to make a will."

In Winn v. Grier, Judge Fox, said: "The cases above cited have firmly settled the question as to the requisite test of mental capacity sufficient to execute a valid will. As was said by Gantt, J., in speaking for this court in Sayre v. Trustees of Princeton University, *supra,* 'the standard of mental capacity required to sustain a will has been fixed so far as judicial utterances can settle a principle, and it is that the testator must have "had sufficient understanding to comprehend the nature of the transaction that he was engaged in, the nature and extent of his property, and to whom

he desired to give it, and was giving it, without the aid of any other person,'' ' citing in support of such rule, Crossan v. Crossan, 169 Mo. l. c. 641; Brinkman v. Rueggesick, 71 Mo. 553; Couch v. Gentry, 113 Mo. 248.''

Comparing the instruction given with the discussion made by Judges BLACK and Fox we are unable to discover any error in plaintiffs' instructions set out above.

In fact we are impressed that the instructions upon the other side, asked and obtained, go further than the cases in Missouri.

This contention, therefore, will be ruled against appellant.

IV. The next complaint is that the court erred in giving instruction numbered 2 for the plaintiffs. This instruction is copied bodily from Moore v. McNulty, 164 Mo. l. c. 121 and 122, and in that case it was approved. It was the third in a series of instructions asked by the plaintiff. All the instructions are set out and the court then used this language: ''These instructions, with the exception of the fifth for plaintiff; fairly submitted the issue to the jury. The fifth given for plaintiff is so involved and obscure that we opine it is improperly copied. As it now stands its only effect would be to confuse and mystify the issue.''

This instruction in exact terms, therefore, had the express approval of this court, in a case wherein the questions raised were largely upon the instructions. We see no reason to depart from the opinion of GANTT, J., in the McNulty case.

V. It is next urged that instruction numbered 6 given for plaintiffs, was error. This instruction reads:

''The court instructs the jury that, if they believe from the evidence that Marion Norman was the son of the testator, Wesley Norman; that, at the time of the making of the paper purporting to be his will and for several years prior thereto, he sustained confiden-

tial and fiduciary relations towards his father, and that he resided with his father until his death, and had complete control of the household affairs, had the close and implicit confidence of his father, that his father looked to him for advice, counsel and direction; that he had sole control and management of his father's business, property and affairs, and that he is the only substantial beneficiary in said will, then the law presumes that said purported will is the result of undue influence of the said Marion Norman over the said Wesley Norman; and unless such presumption is rebutted by a preponderance of the evidence, you should find that said paper writing read in evidence is not the last will and testament of the said Wesley Norman, deceased, and the burden of overcoming such presumption is on the defendant.''

This instruction is along proper lines. It follows the opinion of this court upon the former trial. Some of the language might be judiciously changed, but in substance it is correct. It is predicated upon the facts in evidence, and simply says to the jury that if they find from the evidence certain facts, then undue influence will be presumed, and further that it devolves upon the defendant to rebut by the proof the existence of undue influence. The question, and the authorities bearing thereon, were discussed in the prior opinion, and we shall not repeat here. There is nothing new in the evidence or the authorities cited. They were reviewed at the last hearing.

VI.    Another assignment of error is that counsel for plaintiffs made improper remarks to the jury under a stipulation filed in the case. By stipulation it was agreed that either party might read the evidence of any witness at the former trial from the former bill of exceptions, and this stipulation was broad enough to include witnesses who were present. Both sides acted under this stipulation. The defendant,

although personally present, did not testify, but his evidence was read from the former transcript of the case. It is charged in the motion for a new trial and a subjoined affidavit thereto, that counsel for the plaintiffs took occasion to severely criticise the defendant for not having testified in person. This complaint is found for the first time in the motion for new trial and the subjoined affidavit. There is nothing in the bill of exceptions to show that any objections were made to these remarks through the course of the trial, or that any exceptions were taken thereto. That you cannot preserve a point on such remarks by merely setting them out in the motion and sustaining such averment by an affidavit has been often passed upon by this court. See Norris v. Whyte, 158 Mo. 20, and the numerous cases therein cited.

The substantial and leading contentions of the defendant we have noted. We have read again the evidence in the record. We feel that the jury reached a righteous verdict in the cause, and unless there was error upon the part of the court it ought to be affirmed. We discover no substantial error upon the part of the court, and the judgment is therefore affirmed.

All concur except *Woodson, J.*, not sitting.