(June 17, 1915.)

## W. W. PAPESH and A. E. COWLES, Appellants, v. P. B. WEBER and J. H. WEBER, Respondents.

[149 Pac. 1064.]

REAL ESTATE—ACTION IN EJECTMENT—ADMISSION OF EVIDENCE—FINDINGS—SUFFICIENCY OF EVIDENCE—LAW APPLICABLE TO FACTS.

1. *Held,* that it was not error for the court to admit in evidence Exhibit No. 2, which was a plat of the land in question prepared by surveyor Trask showing a description of the land in question.

2. The evidence *held* sufficient to support the finding of facts, and *held* that the court applied the correct rule of law to such facts in entering judgment in favor of the defendants.

APPEAL from the District Court of the First Judicial District for Shoshone County. Hon. W. W. Woods, Judge.

Action in ejectment to recover possession of certain real estate. Judgment for defendants. *Affirmed.*

Walter H. Hanson, for Appellants.

The engineer who made the survey for the defendants admitted that his plat did not conform to the original plat of

the tract in question; that he had not tied his survey to any permanent monument or government survey, and that it was otherwise unreliable. Such a survey is not a legal survey and cannot be accepted in court. (*Boise Valley Const. Co. v. Kroeger*, 17 Ida. 384, 105 Pac. 1070, 28 L. R. A., N. S., 968; *Bayhouse v. Urquides*, 17 Ida. 286, 105 Pac. 1066.)

Franklin Pfirman, for Respondents.

There was a substantial conflict in the evidence, that of appellant being for the most part parol testimony intended to vary the contents of written instruments. A large part of it was irrelevant and inadmissible. On the respondent's part most of the evidence consisted of written muniments of title. On this conflicting evidence the court below found for respondents. Where there is a substantial conflict in the evidence, the findings of the trial court will not be disturbed. This has been so repeatedly held by this court that a citation of authorities is not necessary.

SULLIVAN, C. J.—This action was brought to quiet title to .065 of an acre of land situated in the city of Kellogg, Shoshone county, and the complaint contained the usual allegations in such an action.

The defendants filed their answer denying the material allegations of the complaint and by way of cross-complaint set up their claim to the title and right to possession of said land and asked to have their title quieted to the same. The cause was tried to the court and finding of facts made and judgment entered in favor of defendants, decreeing them to be the owners in fee simple of said premises and entitled to the possession thereof. The appeal is from the judgment.

The assignments of error refer to the action of the court in receiving certain evidence and making certain finding of facts and entering judgment in favor of the defendants.

It is first contended that the court erred in admitting in evidence defendants' Exhibit No. 2, which exhibit was prepared by surveyor Trask, showing a description of the land

in question in connection with other land. There is no error in the action of the court in admitting that exhibit.

Counsel for appellant contends that the only practical problem confronting the court is the construction of the law applicable to the facts and that there is no material conflict in the evidence introduced on the trial. As we view it, there is a substantial conflict in the evidence, since some of the evidence introduced by the plaintiffs was intended to and does contradict the contents of written instruments which had been introduced in evidence.

After an examination of the entire record, we are satisfied that the finding of facts is fully supported by the evidence and that the court did not err in making such finding of facts, and under the law applicable to such facts the court did not err in entering judgment in favor of the defendants.

The judgment must therefore be affirmed, with costs in favor of respondents.

Budge and Morgan, JJ., concur.